UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
DRUM MAJOR MUSIC ENTERTAINMENT INC. f/s/o          :   Civil Action No. 11-CV-1980
DARIUS HARRISON p/k/a DEEZLE and DARIUS            :   LBS
HARRISON, individually                              :   AMENDED
                      Plaintiff,                    :   COMPLAINT
                                                                         :
     -against-                                      :   Plaintiff Demands
                                                                         :   A Trial By Jury
YOUNG MONEY ENTERTAINMENT, LLC, CASH               :
MONEY RECORDS, INC.,  and DWAYNE CARTER             :
                      Defendant.                 :
------------------------------------------------------------------------ X

      Plaintiffs Drum Major Entertainment Inc. and Darius Harrison (collectively "Drum Major"), by its attorneys Brown & Rosen LLC, as and for its First Amended Complaint against Defendant alleges as follows:

## JURISDICTION AND VENUE

      1.     This Court has jurisdiction of this action as the amount in controversy, exclusive of interest and costs, exceeds the sum of $4,000,000.00, federal question jurisdiction/federal copyright violation and diversity jurisdiction.

      2.     Venue, supplemental jurisdiction (over state court claims) and personal jurisdiction are also proper in this District pursuant to paragraph 21 of a written agreement entered into between the parties dated as of December 12, 2007 (the "YME Producer Agreement"), whereby the parties agreed to the exclusive jurisdiction of this Court over this action.

## PARTIES

3. Plaintiff Drum Major Music Entertainment Inc. ("Drum Major") is a corporation organized an operating under the laws of the State of Delaware and is the successor in interest to Drum Major Inc.

4. Plaintiff Darius Harrison ("Harrison") is a natural person with an address at at 630 Darlington Commons Court NE Atlanta, GA 30305.

5. Upon information and belief, Defendant Young Money Entertainment, LLC ("YME") is a limited liability company organized and operating under the laws of the State of Louisiana with offices for the conduct of its business c/o Ronald Sweeney, Esq. 222 Riverside Drive, PH5A, New York, New York, 10025. Its principal officer and defendant Dwayne Carter ("Carter") has a residential address of 555 Washington Ave. Miami, Florida 33139.

6. Upon information and belief, Cash Money Records, Inc. ("CMR") is a Louisiana corporation with its registered address office located in care of Coleman D. Ridley, Jr, 201 St. Charles Avenue, 49th Fl, New Orleans, LA 70170. CMR principal owner Roland Williams has an address of 6200 Eastover Drive, New Orleans, LA 70128.

## FACTS

7. Harrison is engaged in the business of, among other things, producing sound recordings for commercial exploitation by record companies.

8. Drum Major owns the exclusive right to furnish the personal professional services of Harrison as a music producer.

9. Dwayne Carter, p/k/a Lil Wayne ("Carter"), is a recording artist and performer.

10. Upon information and belief, Carter conducts his business through and under the business name of YME.

11. Upon information and belief, Defendant YME acts as the exclusive company furnishing the professional services of Carter.

The YME Producer Agreement

12. Plaintiff and YME entered into a written agreement dated as of December 12, 2007 (the "YME Producer Agreement").

13. Pursuant to the YME Producer Agreement, Defendant engaged Plaintiff to furnish the producer services of Harrison on a non-exclusive basis, to produce or co-produce six (6) master recordings embodying the performances of Carter with respect to the musical compositions entitled  "Whip It," "Prostitute 2," and "Action." ( These 3 songs were Target exclusives for CDs sold at Target) and "Mrs. Officer,"  "Lollipop" and "Let the Beat Build."(Collectively, the "YME Masters").  These songs all appeared on the Tha Carter III". The Plaintiff also produced "Weezy Baby" that appeared on "Tha Carter II".

14. Upon information and belief the YME Masters were distributed as singles and as part of Carter's albums.

15. Upon information and belief defendant CMR is the exclusive distributor of all the YME and CMR Masters  pursuant to a recording agreement between YME and CMR, dated November 1, 1998.

16. As consideration for the production services rendered under the YME Producer Agreement, Defendant YME, among other things, agreed to pay Plaintiff specified royalties and other compensation.

17. Pursuant to Paragraph 6 of the YME Producer Agreement, YME agreed to provide Plaintiff with no less than semi-annual accounting statements reflecting all royalties accrued under the terms of the YME Producer Agreement during the subject account period, accompanied by payment of all sums thereby shown to be due and owing to Plaintiff.

18. Paragraph 6 of the YME Producer Agreement requires YME to cause CMR to account to plaintiff directly and at the same time it accounts to YME pursuant to a Letter of Direction annexed to the YME Producer Agreement and signed by CMR.

19. Paragraph 21 of the YME Producer Agreement specifically incorporates the Letter of Direction into the YME Producer Agreement.

20. Pursuant to the Letter of Direction annexed to the YME Producer Agreement, dated December 12, 2007 (the "Letter of Direction") YME instructed CMR to make the royalty payments to Plaintiff on its behalf.

21. Pursuant to the YME Producer Agreement, Harrison timely produced and delivered the YME Masters.

22. Digital singles of the YME Masters were released in or about December 2005 and thereafter.

23. "Tha Carter III" was released in or about August 2008.

24. "Tha Carter III" was hugely successful commercial album and was certified triple platinum.

25. The track Lollipop was certified quintuple platinum and won a Grammy Award for Rap Song of the Year. Lollipop spent five non-consecutive weeks atop the Billboard Hot 100 chart and was ranked the number 7 Hip-Hop song of 2008 by MTV, it reached number 1

on 2008 issue of Notarized by BET and was number 5 on Rolling Stone's list of the top 100 songs of 2008.

26. Lollipop was also the single most downloaded ringtone of the 2000s, with, upon information and belief, in excess of 5,000,000 downloads. The single "Mrs. Officer" has sold over 2,000,000 downloads. The album "Tha Carter III" sold over 6,000,000 copies worldwide. Tha Carter II sold over 2,200,000 copies worldwide. All the songs and albums continue to sell today and the violations of the rights of the Plaintiff continue. The single downloads have produced over $7,000,000 in income. The album sales have produced over $70,000,000.00 in revenue. Total revenue exceeds $77,000,000.00 associated with the YME masters. The Plaintiff has not received his contract amounts associated with the sales.

27. In a shocking, willful and intentional breach of the YME Producer Agreement, YMR has not accounted to Harrison pursuant to the YME Producer Agreement since the period ending December 31, 2008 and has made no payments of royalties due and owing to Harrison since September 9, 2009, such payment having been made for the royalty accounting period ending December 31, 2008. Such actions are willful, malicious and designed to defraud Plaintiff. The Defendants acted in concert and in a conspiracy to convert the funds of the Plaintiffs for their own use and have done so. Underreported payments were finally received in 2010.

28. Before November 2010, the single statement provided for the period ending June 2008 did not comport with the requirements of the YME Producer Agreement. It grossly underreported the monies due Plaintiff and it was not accompanied by appropriate payment to Plaintiff.

29. Thus YME has simply taken the benefit of Plaintiff's hard work and skill as a producer and exploited the YME Masters to its own great financial gain while completely ignoring its own contractual obligations pursuant to the YME Producer Agreement. CMR and YME have also engaged in a scheme and plan since at least 2009 to punish the Plaintiffs in their efforts to protect their contractual, monetary and copyright rights.

30. In addition to repeated oral requests for payment and the use of intermediaries for assistance, Plaintiff made formal, written demand for accountings and royalty payments on February 23, 2010 and June 16, 2010 (the "Notices of Breach").

31. Defendant has failed, neglected, and intentionally refused to timely cure its breaches of the YME Producer Agreement identified in the Notices of Breach.

32. Upon information and belief CMR has accounted to YME since the period ending June 2008.

The Cash Money Recording Agreement

33. Harrison and CMR entered into a written agreement dated as of September 30, 2004 (the "CMR Producer Agreement").

34. Pursuant to the CMR Producer Agreement, CMR engaged Harrison to furnish producer services on an exclusive basis. Pursuant to the CMR Agreements, the Plaintiff produced on the "Fast Money " album, six (6) songs which are "the Intro" "Get It All Together" "We Got That" "Around The World" "Out The Getto"  and " Shovlin Snow".  All songs were performed by "Birdman".   Plaintiff also produced "Shorty Bounce" performed by Lil Wayne pursuant to the agreement  on   "The Longest Yard Soundtrack" that was released in 2005 and peaked at number 11 on the Billboard top 200 Chart (collectively the "CMR Masters").

35. Harrison timely performed pursuant to the CMR Producer Agreement and produced the seven (7) Masters identified above for CMR (the "CMR Masters").

36. Pursuant to paragraph 6 of the CMR Producer Agreement CMR was obligated to pay to Harrison royalties on the masters produced pursuant to the CMR Producer Agreement.

37. Pursuant to paragraphs 8 of the CMR Producer Agreement, CMR agreed to provide Harrison with no less than semi-annual accounting statement reflecting all royalties accrued under the terms of the CMR Producer Agreement during the subject accounting period, accompanied by payment of all sums thereby shown to be due and owing to Harrison.

38. Upon information and belief CMR has not accounted to Harrison pursuant to the CMR Producer Agreement nor has it made all payments of royalties due and owing pursuant to the CMR Producer Agreement. Such actions are intentional, willful, malicious and designed to defraud Plaintiff. Royalties are being underreported and miscalculated.

39. Furthermore, the statements provided grossly underreported the monies due to Harrison and were not accompanied by appropriate payment to Harrison. Harrison has not received on statement detailing sales in 2009.

40. Consequently, CMR has simply taken the benefit of Harrison's hard work and skill as a producer and exploited the CMR Masters to its own great financial gain while completely and intentionally ignoring its own contractual obligations pursuant to the CMR Producer Agreement. "Fast Money" has sold over 1,000,000 copies worldwide. All the songs and album continue to sell today and the violations of the rights of the Plaintiff continue. Total revenue exceeds $10,000,000.00 associated with the CMR Masters.

41. In addition additional songs produced by Harrison have been stolen and appears on Carter II part 2, DJ Khaled mixtape released 2007, without the permission of Harrison. These actions have damaged Harrison. These misappropriations and others of Harrison's production and copyrights by the defendants appear at:

(LIL WAYNE) LOVE THIS FUCKIN GUY
http://www.youtube.com/watch?v=LSz87z53MqA

(LIL WAYNE) PRIVATE DANCER
http://www.youtube.com/watch?v=S56YTISruhk

(LIL WAYNE) HIGH
http://www.youtube.com/watch?v=Eh3K0dDfy8I

(DRAKE) ILL TAKE YOUR GIRL
http://www.youtube.com/watch?v=_FoZh2omZv0

(LIL WAYNE) EAT YOU ALIVE
http://www.youtube.com/watch?v=U2ri8du3gV4

(LIL WAYNE) BEST THING YET
http://www.youtube.com/watch?v=T2iZoI8MeDw

(LIL WAYNE) CALIFORNIA LOVE
http://www.youtube.com/watch?v=aTHBonqAx68&feature=related

(LIL WAYNE) DON'T GIVE A FUCK
http://www.youtube.com/watch?v=-PEo4jv3Tqo

(LIL WAYNE) GANGSTERS DON'T DIE
http://www.youtube.com/watch?v=GbGozR0s4KY&feature=related

(LIL WAYNE) LONG TIME COMING
http://www.youtube.com/watch?v=QII-RVWWI-Y

(LIL WAYNE) AROUND THE WAY GIRL
http://www.youtube.com/watch?v=yfXKgO1mPRs

(LIL WAYNE) FUCK A NIGGA THOUGHTS
http://www.youtube.com/watch?v=SFxPfqzopxw

(LIL WAYNE) FRONT DOOR

http://www.youtube.com/watch?v=7a7yxs18WnI

(LIL WAYNE) REAL AS THEY COME
http://www.youtube.com/watch?v=EbfcgJPObCY&playnext=1&list=PL3B7902D69E00B317

(LIL WAYNE) BODY ON THE SHOTTIE
http://www.youtube.com/watch?v=rFuNoZ5407w

(LIL WAYNE) ME AND MY DRANK
http://www.youtube.com/watch?v=8E3hDkfJb9c

(LIL WAYNE) M.O.B.
http://www.youtube.com/watch?v=XZKhBUkeDQc

(LIL WAYNE) I LOVE YOU FEAT KEYSHIA COLE
http://www.youtube.com/watch?v=dySvxG-4j9o

(LIL WAYNE) REAL SHIT

(BIRDMAN)  FEAT 6-SHOT, TC, AND HOT BEZO 9'S,CHOPPAS,PUMPS

    Plaintiffs are the owner(s) of the musical composition and created the "track" in all the above identified songs.  Many of the tracks/music identified this paragraph were provided to Carter, YME and CMR pursuant to the contract between YME and Plaintiffs for possible inclusion on "The Carter III". The Plaintiffs were never informed that Carter sang vocals on several of the songs and never agreed to release the music.  Carter, YME and CMR authorized the use of Carter's vocals on the songs identified above without the consent of the Plaintiffs.

    42.    Upon information and belief the defendants have engaged in a scheme to defraud and harm Harrison which consisted of attempts to limit his contractual rights to audit, violating his copyrights and failing to pay undisputed amounts owed in an attempt to punish Harrison for his efforts to protect himself and the actions of his publisher in suing CMR for the collection of mechanicals royalties.

## FIRST CLAIM FOR RELIEF
(Breach of Contract, The YME Producer Agreement)

43. Plaintiffs repeat and reallege each and every prior allegation.

44. By reason of the foregoing, Defendants have materially breached the YME Producer Agreement. Plaintiff has satisfactorily performed all of its obligations to YME under the YME Producer Agreement.

45. As a direct and proximate result of Defendants' breaches of the YME Producer Agreement, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than $4,000,000.

## SECOND CLAIM FOR RELIEF
(Breach of Contract, The CMR Producer Agreement)

46. Plaintiffs repeat and reallege each and every prior allegation. By reason of the foregoing, CMR has materially breached the CMR Producer Agreement.

47. Harrison has satisfactorily performed all of his obligations to CMR under the CMR Producer Agreement.

48. As a direct and proximate result of CMR's breaches of the CMR Producer Agreement, Harrison has been damaged in an amount to be determined at trial, but in no event less than $750,000.00.

### THIRD CLAIM FOR RELIEF
(Civil Fraud Against All Defendants)

49. Plaintiffs repeat and reallege each and every prior allegation.

50. CMR and YME have all conspired to defraud Plaintiffs of monies rightfully earned and limit/extinguish the Plaintiffs contractual rights to audit.

51. The actions of the CMR and YME were maliciously, willful and designed to keep, maintain and distribute monies earned by the Plaintiffs for CMR and YME use and limit his contractual rights to ascertain how much money the Plaintiffs are due. The defendants have routinely failed to report earnings to the Plaintiff and enter into a joint scheme to underreport earnings in an attempt to defraud Plaintiffs and punish them for their actions to protect their rights.

52. As a direct and proximate result the defendants scheme to defraud Plaintiff, Harrison has been damaged in an amount to be determined at trial, but in no event less than $12,000,000.

### FOURTH CLAIM FOR RELIEF
(Conspiracy Against All Defendants)

53. Plaintiffs repeat and reallege each and every prior allegation.

54. The defendants entered into a group, combination and/or agreement to defraud Plaintiff of millions of dollars due and payable to the Plaintiff. The defendants worked in combination and willfully, intentionally and deliberately failed to report or

11

purposefully underreported earnings to the Plaintiff in an attempt to maintain the earnings for themselves and punish the plaintiffs for seeking to protect their rights.

55. The defendants have conspired to punish the Plaintiffs for the filing of other lawsuits and the Plaintiff's attempts to enforce contract and receive monies that are due.

56. As a direct and proximate result of Defendants actions, Harrison has been damaged in an amount to be determined at trial of treble damages, but in no event less than $12,000,000.00.

## FIFTH CLAIM FOR RELIEF
(Conversion Against All Defendants)

57. Plaintiffs repeat and reallege each and every prior allegation.

58. CMR and YME have taken, converted and utilized monies due Plaintiff for their own benefit. The Defendants have funded its operations, paid artists, paid employees with monies due and payable to Plaintiff in relation to the Fast Money, Tha Carter II and Tha Carter III albums.

59. The Defendants are aware of their use of monies due and payable to Plaintiff and continue to fail pay Plaintiff. Defendants have a duty to pay Plaintiff and have failed to do so. Monies due Plaintiff have been converted for the Defendants use for the purpose of punishing the Plaintiffs.

60. As a direct and proximate result of Defendants actions Harrison has been damaged in an amount to be determined at trial, but in no event less than $4,750,000.00.

### SIXTH CLAIM FOR RELIEF
(Conversion Against All Defendants)

61. Plaintiffs repeat and reallege each and every prior allegation.

62. Carter, CMR and YME have taken music and copyrights of plaintiff and utilized them on The Carter II Part 2 without the permission of Harrison. The defendants have published the works without the consent of Harrison and converted his property to their own.

63. As a direct and proximate result of Defendants actions Harrison has been damaged in an amount to be determined at trial, but in no event less than $4,750,000.00.

### SEVENTH CLAIM FOR RELIEF
(Copyright Infringement Against All Defendants)

64. Plaintiffs repeat and reallege each and every prior allegation.

65. Carter, CMR and YME have taken music and copyrights of plaintiff and have also stolen the copyrights of Plaintiffs identified in paragraph 41 ("leaked tracks") and published them without the consent of the Plaintiffs. The defendants have published the works without the consent of Harrison. The defendants have committed copyright infringement and negligently and willfully violated the Plaintiffs' ownership interest.

66. As a direct and proximate result of Defendants breaches Harrison has been damaged in an amount to be determined at trial, but in no event less than $4,750,000.00.

## EIGHTH CLAIM FOR RELIEF
(Negligence Against All Defendants)

67. Plaintiffs repeat and reallege each and every prior allegation.

68. Carter, CMR and YME have taken music and copyrights of plaintiff and have also stolen the copyrights of Plaintiff identified in paragraph 41 ("leaked tracks") and published them without the consent of the Plaintiffs. The defendants have published the works without the consent of Harrison. The defendants have committed negligent acts that have harmed the plaintiff.

69. As a direct and proximate result of Defendants breaches Harrison has been damaged in an amount to be determined at trial, but in no event less than $4,750,000.00.

WHEREFORE, Plaintiffs demand judgment as follows:

(a) on the first claim for relief an award of damages to Plaintiff in an amount to be determined at trial, but not less than $4,000,000.00, plus prejudgment interest thereon;

(b) on the second claim for relief an award of damages to Plaintiff in an amount to be determined at trial, but not less than $750,000.00, plus prejudgment interest thereon;

(c) on the third claim for relief, treble damages in an amount of no less than $12,000,000.00 to be determined at trial., plus prejudgment interest thereon;

(d) on the fourth claim for relief, treble damages in an amount of no less than $12,000,000.00 to be determined at trial., plus prejudgment interest thereon;

(e) on the fifth claim for relief, treble damages in an amount of no less than $4,750,000.00 to be determined at trial, plus prejudgment interest thereon;

(f) on the sixth claim for relief, treble damages in an amount of no less than $4,750,000.00 to be determined at trial, plus prejudgment interest thereon;

(g) on the seventh claim for relief, treble damages in an amount of no less than $4,750,000.00 to be determined at trial, plus prejudgment interest thereon;

(h) on the eighth claim for relief, treble damages in an amount of no less than $4,750,000.00 to be determined at trial., plus prejudgment interest thereon;

(i) An injunction ordering Defendants to immediately provide a full and accurate accounting to plaintiff and to continue to provide such accountings as required by the YME Producer Agreement, and Letter of Direction;

(j) An injunction ordering defendant CMR to immediately provide a full and accurate accounting to Harrison and to continue to provide such accountings as required by the CMR Producer Agreement;

(k) An award to Plaintiff of the costs and disbursements incurred in this action and legal fees; and

(l) Such other and further relief as the court deems just and proper.

Dated: New York, New York

      July 18, 2011

                                  DRUM MAJOR MUSIC ENTERTAINMENT INC. f/s/o DARIUS HARRISON and DARIUS HARRISON, individually
By their Attorneys,

_____
Christopher L. Brown
NYS Bar No. 2953891
Brown & Rosen LLC
Attorneys At Law
77 Franklin St. 3rd Floor
Boston, MA 02110
617-728-9111 (T)
617-695-3202 (F)
cbrown@brownrosen.com

16